**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 06-CR-20015 |
| ) | |
| **BRENT K. GOSELIN,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the Government's Motion for Review of Release Order (#39). Following this court's careful and de novo review, the Government's Motion (#39) is DENIED.

### BACKGROUND

On May 5, 2006, Defendant, Brent K. Goselin, was charged by superseding indictment. In Counts 1 and 2 of the superseding indictment, Defendant was charged with filing a false tax return, in violation of 26 U.S.C. § 7206(1). In Count 3, Defendant was charged with tax evasion, in violation of 26 U.S.C. § 7201, and, in Count 4, Defendant was charged with unlawful money structuring, in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(1) and 31 C.F.R. § 103.11. The superseding indictment also sought forfeiture of $42,300.00 in U.S. Currency.

A jury trial began on the charges against Defendant on September 11, 2006. On September 15, 2006, this court declared a mistrial. The reason for the mistrial was that six pages which were not admitted into evidence were inadvertently included with an admitted exhibit and sent to the jury during deliberations. A new trial date was set for December 11, 2006. Defendant had been previously released on bond pending trial, and remained free on bond.

On October 12, 2006, the Government filed an Ex Parte Motion to Revoke Bond (#35).

Magistrate Judge David G. Bernthal issued an arrest warrant the same day, and Defendant was arrested. On October 13, 2006, Defendant appeared before Judge Bernthal. Defendant asked that the hearing on the Motion to Revoke Bond be continued. Judge Bernthal granted this request and the hearing was continued to October 26, 2006. Defendant also asked to be released pending the hearing. Over the Government's objection, Judge Bernthal ordered Defendant's bond to continue with the additional conditions of home detention and electronic monitoring. Judge Bernthal also unsealed the Government's Motion (#35). The exhibit attached to the motion remains filed under seal.

The hearing on the Government's Motion to Revoke Bond was held on October 26, 2006. Judge Bernthal heard evidence presented by the Government and Defendant. After hearing the evidence, Judge Bernthal DENIED the Government's Motion. Therefore, Defendant's bond remained in effect as previously modified.

After the hearing, the Government filed a Motion for Review of Release Order (#39). The Government asked this court to conduct a de novo review of Judge Bernthal's denial of the Government's Motion to Revoke Bond pursuant to 18 U.S.C. § 3145(b).

On November 2, 2006, Defendant was charged by second superseding indictment. In Count 1, Defendant was charged with conspiracy to distribute and possess 5 kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). In Counts 2 and 3, Defendant was charged with filing a false tax return, in violation of 26 U.S.C. § 7206(1). In Count 4, Defendant was charged with tax evasion, in violation of 26 U.S.C. § 7201, and, in Count 5, Defendant was charged with unlawful money structuring, in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(1) and 31 C.F.R. § 103.11. In Count 6, Defendant

was charged with money laundering, in violation of 18 U.S.C. 1956(a)(1)(B)(i) and (ii). The second superseding indictment also sought forfeiture of $42,300.00 in U.S. Currency.

On November 14, 2006, this court arraigned Defendant on the second superseding indictment. At the arraignment, Defendant stated that he would not be ready for trial on December 11, 2006. This court therefore rescheduled the final pretrial conference for March 13, 2007, and set the jury trial for April 2, 2006. This court then took the Government's Motion for Review of Release Order (#39) under advisement pending preparation of a transcript of the hearing before Judge Bernthal. This court allowed the Government until December 1, 2006, to file additional motions regarding Defendant's bond and allowed Defendant until December 15, 2006, to respond.

On December 1, 2006, the Government filed a Supplemental Memorandum in Support of Motion for Review of Release Order (#43). The Government argued that, contrary to Judge Bernthal's conclusion, the Government's evidence at the hearing on October 26, 2006, established probable cause to believe that Defendant engaged or attempted to engage in witness tampering and, therefore, obstructed justice, in violation of 18 U.S.C. § 1512(b). The Government argued that, specifically, the evidence established that, following this court's direct admonition not to contact witnesses, Defendant sought to contact and did contact as many as five witnesses with the intent to influence their testimony. The Government argued that it established, at the very least, a "fair probability" that Defendant had engaged in or attempted to engage in witness tampering. The Government further argued that, notwithstanding Defendant's actions concerning witness tampering, Defendant has now been charged with conspiracy to distribute 5 or more kilograms of cocaine. The Government stated that this offense carries a penalty of a mandatory minimum 10 years to life imprisonment and a rebuttable presumption that no conditions will reasonably assure the safety of

the community or Defendant's appearance. The Government argued that the rebuttable presumption of detention is an independent reason to revoke Defendant's bond.

On December 12, 2006, the Government filed the transcript (#44) of the October 26, 2006, hearing before Judge Bernthal. The transcript shows that the Government called four witnesses at the hearing: Jason LeBeau, a special agent with the criminal investigation division of the Internal Revenue Service, Christopher Zullo, Melissa Merritt, and Anthony Allegro. Kymberlee Mitchell testified on behalf of Defendant.

## ANALYSIS

This court has carefully reviewed the transcript of the testimony given at the hearing and the arguments made by counsel. Following this careful and de novo review, this court agrees with Judge Bernthal that the evidence presented at the hearing did not establish, without engaging in speculation, that Defendant had an improper or corrupt motive and committed the offense of obstruction of justice. This court specifically notes that the evidence showed that most of the potential witnesses that Defendant was accused of tampering with, or attempting to tamper with, were friends or acquaintances of Defendant. Further, the testimony presented fell short of establishing that Defendant actually made any threats to witnesses or affected the testimony of any witness.

The applicable statute provides, in pertinent part:

> The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be

> brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. . . . The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer–
>
>> (1) finds that there is–
>>
>>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>>
>>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>>
>> (2) finds that–
>>
>>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>>
>>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

In this case, this court agrees with Judge Bernthal's finding that the Government did not establish probable cause to believe that Defendant committed a Federal, State, or local crime while on release. This court notes that the evidence did establish that Defendant violated a condition of his release because Defendant admitted drinking alcohol when he was prohibited from doing so. However, the Government has not argued before this court that this violation provides an adequate basis for revoking Defendant's bond. Based upon the record in this case, this court agrees with Judge Bernthal's decision to deny the Government's Motion to Revoke Bond. Therefore, following this court's de novo review, this court declines to overturn Judge Bernthal's ruling.

The Government has also argued that Defendant should be ordered detained because he has now been charged, in the second superseding indictment, with conspiracy to distribute 5 or more kilograms of cocaine. The Government notes that this offense carries a penalty of a mandatory minimum 10 years to life imprisonment. The relevant statute provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds there is probable cause to believe that the person committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .

18 U.S.C. § 3142(e).

At the hearing before Judge Bernthal, Defendant's attorney persuasively argued that the conditions of home detention and electronic monitoring would assure that Defendant would not

engage in any "further stupidity." The record also shows that Defendant has not missed any court appearances in this case. This court therefore concludes that Defendant has rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. This court concludes that the conditions imposed by Judge Bernthal, including home detention and electronic monitoring, are sufficient to assure Defendant's appearance and the safety of the community.

However, this court wishes to make it abundantly clear to Brent K. Goselin, his mother, father, girlfriend, and extended family that no one is to have any contact with any potential witness in this case. The purpose of this order is to eliminate any further hearings on the question of obstruction of justice or intimidation of witnesses. However, if evidence of any attempts to influence witnesses in any way is presented to this court, Defendant may be subjected to appropriate sanctions following renewed evidentiary hearings.

IT IS THEREFORE ORDERED THAT the Government's Motion for Review of Release Order (#39) is DENIED.

ENTERED this 22nd day of December, 2006

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE