E-FILED
Thursday, 05 April, 2007  10:09:02 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-CR-20015** |
| | ) | |
| **BRENT K. GOSELIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

This case is before the court for ruling on the Government's Motion in Limine (#76). The Government is seeking an order from this court excluding cross-examination of witnesses concerning: (1) any conviction of a witness that is more than 10 years old; (2) the underlying details of any prior conviction; and (3) speculation about potential sentences or penalties a witness or the defendant might be facing. Defendant has conceded that evidence of any conviction should be excluded when more than 10 years has elapsed "since the date of the conviction or of the release of the witness from the confinement imposed for that conviction." Fed. R. Evid. 609(b). Defendant, however, has argued that he should be allowed to impeach Government witnesses, particularly Vincent Crump and Jason Ward, with details regarding the nature of the convictions for impeachment purposes. Defendant also contends that he should be allowed to question witnesses who are allegedly co-conspirators of Defendant regarding the potential penalties they could face if charged with conspiracy in order to "make a complete picture" for the jury regarding their motive to provide false testimony against Defendant.

The law in the Seventh Circuit is very clear that, in impeaching a witness with a prior conviction, a party "may identify the particular felony charged, the date and the disposition." United States v. Smith, 454 F.3d 707, 716 (7th Cir. 2006); United States v. White, 222 F.3d 363, 370 (7th Cir. 2000); Campbell v. Greer, 831 F.2d 700 (7th Cir. 1987). So long as the witness does not open

the door by attempting to explain away the prior conviction by giving his or her own version of events, this is all that should be discussed.  See Smith, 454 F.3d at 716-17.  This is true whether it is the defendant being impeached (see Smith, 454 F.3d at 716; White, 222 F.3d at 370) or a witness being impeached (see United States v. Fawley, 137 F.3d 458, 473 (7th Cir. 1998)).  In Fawley, the Seventh Circuit stated that "questions on cross-examination must be limited to only whether the witness 'had previously been convicted of a felony, to what the felony was and to when the conviction was obtained.'" Fawley, 137 F.3d at 473, quoting United States v. Dow, 457 F.2d 246, 250 (7th Cir. 1972).

Defendant has cited Fawley and argued that it provides support for his argument that he should be able to impeach Crump and Ward regarding the "nature" of their convictions, specifically that Crump used a baseball bat in carrying out an aggravated battery and that Ward fired a handgun at police officers who were executing a search warrant at his residence which led to his conviction of use of a firearm in furtherance of a drug trafficking crime.  In Fawley, the Seventh Circuit held that, in that case, the prosecution had properly been allowed to amplify the perfunctory nature of a defense witness's testimony on direct examination that he had been convicted of a felony and concluded that this "limited amplification" avoided the risk of "substantial prejudice." Fawley, 137 F.3d at 473 (emphasis in original).  This court concludes, however, that allowing Defendant to impeach Crump with the fact that he hit someone with a baseball bat and to impeach Ward with the fact that he fired a handgun at police officers is not "limited amplification" and does risk "substantial prejudice."  In the exercise of this court's discretion, this court concludes that it will follow the well-settled law that impeachment with prior convictions should be limited to "the particular felony charged, the date and the disposition."

This court further concludes that any attempts to cross-examine alleged co-conspirators regarding the possible penalties they could face if charged with conspiracy would result in rampant speculation and will not be allowed.  This court agrees with the Government that Defendant will

2

have ample opportunity to impeach these witnesses concerning their motive to testify, any agreements with the Government, and their prior felony convictions that are less than 10 years old.

IT IS THEREFORE ORDERED THAT the Government's Motion in Limine (#76) is GRANTED.

ENTERED this 4th day of April, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE